FILED

2011 Sep-01  PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNY SAMUEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:09-CV-2109-VEH** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

---

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Plaintiff Johnny Samuel ("Mr. Samuel") initiated this medical malpractice case

arising under the Federal Tort Claims Act (the "FTCA") and the Alabama Medical

Liability Act (the "AMLA") against Defendant United States of American d/b/a

Veterans Administration Hospital (the "VAH") on October 19, 2009. (Doc. 1).  This

lawsuit is set for a bench trial beginning on September 19, 2011.  (Doc. 106 at 13).

Pending before the court are Mr. Samuel's Motion in Limine to Exclude

Defendant's Expert Testimony & to Exclude Expert Testimony of Dr. Jacqueline

Lewis, MD as She Has Not Been Disclosed as an Expert (Doc. 113) (the "Motion to

Exclude") filed on August 19, 2011, and Mr. Samuel's Motion to Compel Defendant

to Make Plaintiff's Treating Physicians Available for Trial Preparation Interviews and

Motion for Protective Order (Doc. 115) (the "Motion to Compel").

VAH filed its oppositions (Docs. 117, 118) to both motions on August 26, 2011, and they are now under submission. For the reasons explained below, the Motion to Exclude is **GRANTED IN PART** and **DENIED IN PART**, and the Motion to Compel is **DENIED**.

## II.    Standards

### A.    Evidentiary Orders Generally

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 Fed. Appx. 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid.

103(a).  "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993).  Therefore, even the existence of many evidentiary errors does not guarantee the party appealing a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" for reversible error to occur.

## B.     *Daubert* Orders Specifically

*Daubert* motions are evaluated consistent with Rule 702 of the Federal Rules of Evidence, which allow expert testimony when (1) the witness is qualified as an expert; and (2) his expertise "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702.  More specifically, Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid 702.  Rule 702 must be read in conjunction with three (3) seminal decisions by the Supreme Court of the United States related to expert testimony:  *See*

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1997); and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Additionally, all rulings on *Daubert* motions are reviewed under an abuse of discretion standard. *See, e.g., Joiner*, 522 U.S. at 141 ("All evidentiary decisions are reviewed under an abuse-of-discretion standard."). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 Fed. Appx. 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Concerning the issue of whether to hold a *Daubert* hearing, the Eleventh Circuit has explained:

> In this case, after the government moved to exclude Tressel's testimony, the district court assessed the reliability of his opinions by conducting a thorough *Daubert* hearing in which Tressel was asked, repeatedly, what the bases for his opinions were. While some expert testimony will be so clearly admissible that a district court need not conduct a *Daubert* hearing in every case, *see Kumho Tire*, 526 U.S. at 150-52, 119 S. Ct. at 1175-76, in this case, the district court's decision to evaluate the admissibility of Tressel's opinions in the context of a pre-trial hearing was a perfectly reasonable one. Moreover, Frazier has not attacked the timing or conduct of the *Daubert* hearing. And the record amply establishes that Frazier was afforded every opportunity at the hearing to adduce the foundations of Tressel's challenged opinions. The district court did not abuse its discretion when it conducted a *Daubert* hearing.

*United States v. Frazier*, 387 F.3d 1244, 1264 (11th Cir. 2004). Relatedly, the

Eleventh Circuit "also review[s] a trial court's decision on whether to hold a *Daubert*

hearing for abuse of discretion." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe*

402 F.3d 1092, 1113 (11th Cir. 2005).[1]

Finally, the burden under Rule 702 rests squarely with the proponent of the

expert witness:

> The proponent of the expert testimony carries a substantial burden
> under Rule 702. "The burden of laying the proper foundation for the
> admission of the expert testimony is on the party offering the expert, and
> admissibility must be shown by a preponderance of the evidence."
> *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir.1999)
> (citing *Daubert*, 509 U.S. at 592 n.10, 113 S. Ct. 2786). Thus, the
> proponent must demonstrate that the witness is qualified to testify
> competently, that his opinions are based on sound methodology, and that
> his testimony will be helpful to the trier of fact. *See, e.g., Frazier*, 387
> F.3d at 1260 ("The burden of establishing qualification, reliability, and
> helpfulness rests on the proponent of the expert opinion . . . .");
> *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir.
> 2002); *Maiz*, 253 F.3d at 664.

*See Cook*, 402 F.3d at 1107.

### C.    Discovery Orders Generally

Regarding discovery rulings:

A district court has wide discretion in discovery matters and our review
is "accordingly deferential." *Harbert Int'l, Inc. v. James*, 157 F.3d
1271, 1280 (11th Cir. 1998). A court abuses its discretion if it makes a

---

[1] Here, neither side has requested that the court conduct a *Daubert* hearing.

"clear error of judgment" or applies an incorrect legal standard. *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (per curiam).  Moreover, a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion.  *See Leigh v. Warner Brothers, Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000).

*Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009); *accord Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 ("Moreover, we will not overturn discovery rulings 'unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.'") (11th Cir. 2003) (citation omitted).

### D.    Rule 26 Protective Orders Specifically

Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [.]" Fed. R. Civ. P. 26(c). The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987); *see also* Fed. R. Civ. P.  26(c). The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). In addition to requiring good cause, the district court must "balance the interests of those requesting the order." *McCarthy*, 876 F.2d at 91.

*Ekokotu v. Federal Exp. Corp.*, 408 Fed. Appx. 331, 335-36 (11th Cir. 2001) (emphasis added) (footnote omitted).

### III.   Analysis

#### A.   Motion to Exclude

The Motion to Exclude seeks to preclude the VAH from calling either Dr. Carlton J. Young ("Dr. Young") or Dr. Jacqueline Lewis ("Dr. Lewis") at trial.  The court addresses each physician witness in turn.

##### 1.   Dr. Young

The VAH has designated Dr. Young as an expert witness and has previously filed into court a copy of his expert report.  (Doc. 20).  In challenging Dr. Young's ability to testify as an expert witness, Mr. Samuel raises three primary issues:  Dr. Young's report is "wholly deficient" "in its current form" (Doc. 113 at 2 (emphasis omitted)); Dr. Young should not be allowed to bolster his testimony with information not identified and presented in his report (Doc. 113 at 9); and Dr. Young's report does not come close to meeting the *Daubert* standard.  (Doc. 113 at 13).

In responding to Mr. Samuel's Motion to Exclude pertaining to Dr. Young, the VAH indicates that included as Exhibit 1 to its response is a declaration of Dr. Young dated August 22, 2011.  (Doc. 118 at 2).  However, actually attached as Exhibit 1 to the VAH's opposition (apparently by mistake, but yet still remaining uncorrected) is a 2002 Alabama State Bar opinion entitled an "ATTORNEY'S RIGHT TO COMMUNICATE WITH OPPOSING PARTY'S EXPERT WITNESS".  (Doc. 118-

1).

In the absence of the referenced declaration, the court cannot verify several of the statements included in the VAH's opposition offered to show Dr. Young's suitability as a similarly situated health care provider. (*See* Doc. 118 at 1-3); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) ("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State-the source of substantive liability under the FTCA.") (citations omitted); Ala. Code § 6-5-548(e) ("A health care provider may testify as an expert witness in any action for injury or damages against another health care provider based on a breach of the standard of care only if he or she is a 'similarly situated health care provider' as defined above."). Accordingly, based upon this critical omission by the VAH as well as its concomitant burden as the proponent of the witness, Mr. Samuel's Motion to Exclude Dr. Young as an expert witness is **GRANTED** as inadequately rebutted by VAH.

### 2.    Dr. Lewis

Dr. Lewis is one of Mr. Samuel's treating physicians. Dr. Lewis was disclosed as a potential witness for the VAH as early as June 8, 2010, as part of its amended disclosures. (Doc. 32) In responding to Mr. Samuel's Motion to Exclude, the VAH has clarified that it intends to call Dr. Lewis only in her capacity as a treating physician. (*See* Doc. 118 at 5 ¶ 5 ("Dr. Lewis will not be asked to give any Rule 26

8

type expert opinions beyond her diagnosis, treatment, and conversations.")).

Ordinarily, the testimony of treating physicians concerning the care and treatment of their patients is not considered testimony of a retained expert within the meaning of Rule 26(a)(2)(B).  *See, e.g.,Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) ("The approach taken by a majority of courts when determining whether to require treating physicians to provide Rule 26(a)(2)(B) reports is that the plaintiff[ ] [cannot] avoid the requirements of Rule 26 by simply indicating that her experts are plaintiffs' treating physician[s.]") (internal quotations and citations omitted); *Brown*, 169 F.R.D. at 388 ("Rule 26 focuses not on the status of the witness, but rather the substance of the testimony.") (internal quotations and citations omitted); *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 696-97 (N.D. Ga. 2006) (same).

Against this legal backdrop, the court concludes that no expert report under Rule 26 from Dr. Lewis is required for her to take the stand based upon the VAH's representation that she will only testify as a fact witness regarding her diagnosis and treatment of Mr. Samuel.  However, to the extent that the substance of her trial testimony does venture into the area of expert opinion-related information, then the absence of a Rule 26 expert report from Dr. Lewis means that the court will not consider such evidence.  Accordingly, Mr. Samuel's Motion to Exclude regarding Dr. Lewis's testimony is **GRANTED IN PART** and otherwise is **DENIED**.

### B.      Motion to Compel

Mr. Samuel's Motion to Compel seeks not only an order to compel but also a motion for protective order regarding his efforts to interview his treating physicians in advance of trial.  (Doc. 115 at 1-2).  The court addresses these related requests for relief collectively below.

The court sees no basis under which it has the authority to compel the VAH to make Mr. Samuel's treating physicians available for pretrial interviews.  According to the revised scheduling order entered by the magistrate judge, the discovery completion deadline in this case was November 30, 2010 (Doc. 31 at 2), and Mr. Samuel did not file his Motion to Compel until August 22, 2011, ten months later.

Moreover, within his Motion to Compel, Mr. Samuel has not acknowledged Rule 16's applicable good cause standard much less demonstrated how he has satisfied it in this instance such that the court should reopen the discovery period.  *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418, 1419 (11th Cir. 1998) (noting that scheduling orders may be modified "only upon a showing of good cause" and holding that a disregard of the "good cause" requirement "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure") (citation omitted); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with

the judge's consent.").

Additionally, Mr. Samuel offers no on-point authority which establishes his right to compel this discovery, especially at such a late stage of the litigation. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Furthermore, the VAH has pointed to the need for Mr. Samuel to obtain its consent before he can approach these medically-trained factual witnesses about an interview. Specifically, the VAH relies upon Rule 4.2 of the Alabama Rules of Professional Conduct which clarifies in the comments section that:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

*Id.*

Here, there is no dispute that the witnesses which Mr. Samuel wants to interview about his medical treatment are employees of the represented entity, VAH.

Thus, the application of Rule 4.2 counters against any arguable good cause that Mr. Samuel might have to support the entry of a protective order in his favor under Rule 26.

Also, Mr. Samuel again cites to no on-point legal authority which establishes that the VAH's unwillingness to give its consent is appropriately subject to the entry of a protective order requiring the VAH to reverse that decision. *See Flanigan's,* 242 F.3d at 987, *supra*; *Ordower,* 826 F.2d at 1576, *supra.* Therefore, for all these reasons, Mr. Samuel's Motion to Compel is **DENIED**.

## IV.    Conclusion

Accordingly, for the reasons explained above, Mr. Samuel's Motion to Exclude is **GRANTED IN PART** and **DENIED IN PART**, and his Motion to Compel is **DENIED**.

**DONE** and **ORDERED** this the 1st day of September, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge