# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNY SAMUEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:09-CV-2109-VEH |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the court are Defendant United States of American d/b/a Veterans Administration Hospital's (the "VAH") Motion and Brief to Substitute and Correct Exhibit and for Reconsideration of the Court's Order Excluding Defendant's Medical Expert Dr. Carlton J. Young ("Dr. Young") (Doc. 120) (the "Motion to Reconsider") filed on September 1, 2011.  This Motion to Reconsider seeks to substitute Dr. Young's declaration as an exhibit that, due to a clerical error, was not attached to the VAH's response (Doc. 118) to Plaintiff Johnny Samuel's ("Mr. Samuel") Motion in Limine (Doc. 113) relating to Dr. Young.  The Motion to Reconsider also requests that the court revisit its ruling (Doc. 119) excluding Dr. Young from testifying at the bench trial scheduled to begin on September 19, 2011.

Mr. Samuel filed a Motion to Strike August [22], 2011, Declaration of Defendant Expert and Opposition to Defendant's Motion to Reconsider (Doc. 121) (the "Motion to Strike") on September 1, 2011. In the Motion to Strike, Mr. Samuel seeks to strike Dr. Young's declaration as untimely. Mr. Samuel also filed a Supplemental Motion in Limine to Exclude Defendant's August [22], 2011 Expert Testimony (Doc. 123) (the "Supplemental Motion") on September 2, 2011. On September 2, 2011, the VAH filed a reply brief (Doc. 124) in support of its Motion to Reconsider and Mr. Samuel filed a response thereto. (Doc. 125). Finally, on September 7, 2011, the VAH filed a reply brief (Doc. 126) in support of its Motion to Reconsider.

For the reasons stated below, the Motion to Reconsider is **GRANTED IN PART** and is otherwise **DENIED**; Mr. Samuel's Motion to Strike and Supplemental Motion are **GRANTED**.

II.   **Standards**

   A.   **Motions to Reconsider**

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992);

*Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at \*2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.") (citation omitted). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider when plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[1] Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala.

---

[1] Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 10 Fed. App'x 553, 553 (9th Cir. 2001) (unpublished) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. App'x 668, 671 (6th Cir. 2003) (unpublished) (similar).

2004) (relying on *Mays* to deny motion to reconsider when movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[2] *Richards v. United States*, 67 F. Supp. 2d 1321,1322 (M.D. Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact and to consider newly available evidence as well as material developments in binding authority. *See* Fed. R. Civ. P. 60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit*, 284 F. Supp. 2d at 1355 ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

### B.  Evidentiary Orders Generally

"All evidentiary decisions are reviewed under an abuse-of-discretion standard."

---

[2] This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

*See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 Fed. App'x 185, 196 (11th Cir. 2005) (unpublished) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of multiple evidentiary errors does not guarantee the party appealing a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" for reversible error to occur.

### C. *Daubert* Orders Specifically

*Daubert* motions are evaluated consistent with Rule 702 of the Federal Rules

of Evidence, which allow expert testimony when: (1) the witness is qualified as an expert; and (2) his expertise "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. More specifically, Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid 702. Rule 702 must be read in conjunction with three (3) seminal decisions by the Supreme Court of the United States related to expert testimony: *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Joiner*, *supra* at 4; and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Additionally, all rulings on *Daubert* motions are reviewed under an abuse of discretion standard. *See, e.g., Joiner*, 522 U.S. at 141 ("All evidentiary decisions are reviewed under an abuse-of-discretion standard.").

Concerning the issue of whether to hold a *Daubert* hearing, the Eleventh Circuit has explained:

> In this case, after the government moved to exclude Tressel's testimony, the district court assessed the reliability of his opinions by conducting

a thorough *Daubert* hearing in which Tressel was asked, repeatedly, what the bases for his opinions were. While some expert testimony will be so clearly admissible that a district court need not conduct a *Daubert* hearing in every case, *see Kumho Tire*, 526 U.S. at 150-52, 119 S. Ct. at 1175-76, in this case, the district court's decision to evaluate the admissibility of Tressel's opinions in the context of a pre-trial hearing was a perfectly reasonable one. Moreover, Frazier has not attacked the timing or conduct of the *Daubert* hearing. And the record amply establishes that Frazier was afforded every opportunity at the hearing to adduce the foundations of Tressel's challenged opinions. The district court did not abuse its discretion when it conducted a *Daubert* hearing.

*United States v. Frazier*, 387 F.3d 1244, 1264 (11th Cir. 2004). The Eleventh Circuit "also review[s] a trial court's decision on whether to hold a *Daubert* hearing for abuse of discretion." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe* 402 F.3d 1092, 1113 (11th Cir. 2005).[3]

Finally, the burden under Rule 702 rests squarely with the proponent of the expert witness:

> The proponent of the expert testimony carries a substantial burden under Rule 702. "The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir.1999) (citing *Daubert*, 509 U.S. at 592 n.10, 113 S. Ct. 2786). Thus, the proponent must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact. *See, e.g., Frazier*, 387 F.3d at 1260 ("The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion . . . .");

---

[3] Here, neither side has requested that the court conduct a *Daubert* hearing.

> *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002); *Maiz*, 253 F.3d at 664.

*See Cook*, 402 F.3d at 1107.

### III.   Analysis

#### A.   Correction of the Record

In seeking to substitute Dr. Young's declaration for the erroneously attached exhibit, the VAH relies upon Rule 60(a) of the Federal Rules of Civil Procedure. Rule 60(a) states in pertinent part:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court <u>may correct a clerical mistake</u> or a mistake arising from oversight or omission whenever one is found in a judgment, order, <u>or other part of the record</u>. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a) (emphasis by underlining added).

Thus, Rule 60(a) gives this court discretion to fix the VAH's clerical error. Additionally, to the extent that Rule 6(b)(1)'s excusable neglect standard is even triggered here as Mr. Samuel contends (Doc. 121 ¶ 3), the court finds that the VAH's prompt filing of its Motion to Reconsider after learning about its mistake satisfies that standard. Accordingly, the substitution section of the VAH's Motion to Reconsider is **GRANTED** for good cause shown.

### B. Dr. Young's Status as a Trial Expert Witness

Mr. Samuel identifies several reasons why he believes Dr. Young should be excluded as a trial expert witness. One of Mr. Samuel's contentions is that this court should strike and/or exclude the recent declaration of Dr. Young as untimely even though the VAH had previously disclosed and provided a timely Rule 26 expert report (Doc. 20) from Dr. Young to Mr. Samuel. The court addresses this procedural issue first.

Under the pretrial order (Doc. 106) entered on July 21, 2011, "[u]nless otherwise ordered, parties shall follow the deadlines for pretrial disclosures established in Fed. R. Civ. P. 26(a)(3)." (*Id.* at 11). Rule 26(a)(3)(B) provides that, in the absence of a contrary court order, pretrial disclosures "must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). No other order has modified this trial-related disclosure deadline contained in the pretrial order.

Regarding retained experts who a party plans to call as a trial witness, Rule 26 explains:

> **(2) *Expert Witness.*** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. <u>Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due</u>.

Fed. R. Civ. P. 26(e)(2) (emphasis by underlining added). Thus, the standard deadline for supplementation of an expert's report is no later than 30 days before trial.

This case is set for trial on September 19, 2011. Therefore, in conjunction with Rule 6, Monday, August 22, 2011, was the last day on which timely pretrial disclosures, including any updated expert information, could be made. Here, although Dr. Young's declaration is dated August 22, 2011, there is no indication in the record that the VAH provided Mr. Samuel with a copy of that evidence on August 22, 2011.

Instead, it appears that Mr. Samuel did not have Dr. Young's supplemental information contained in his declaration until September 1, 2011, the date on which the VAH filed its Motion to Reconsider. Because September 1, 2011, is less than 30 days before the bench trial setting, Mr. Samuel is correct that the declaration of Dr. Young was untimely disclosed to him.[4]

The VAH counters that this court has previously permitted medical experts

---

[4] Mr. Samuel is equally right that the deadline to provide him with a "complete" expert report ran on October 1, 2010, under the expert testimony provisions of the revised scheduling order. (Doc. 31 at 1 § III). The VAH has not even acknowledged Rule 16's good cause standard, much less explained why Dr. Young's late declaration is not subject to it or, alternatively, somehow satisfies it. *See, e.g., Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418, 1419 (11th Cir. 1998) (noting that scheduling orders may be modified "only upon a showing of good cause" and holding that a disregard of the "good cause" requirement "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure") (citation omitted); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

facing a *Daubert* challenge to submit supplemental affidavits. (*See* Doc. 124 ¶ 6 (citing *Drake v. United States*, No. 5:07-CV-0707-VEH (Doc. 68) (N.D. Ala. Feb. 6, 2009))). To the extent that *Drake* implies that augmenting expert affidavits are acceptable even when they are untimely filed, the opinion is procedurally inapposite (and accordingly unpersuasive) as it was decided on a Rule 56 record and "the case ha[d] not been set for trial." *Drake*, (Doc. 68 at 15). In sum, the risk of undue prejudice resulting from a court's acceptance of late filed declarations from an expert witness is far greater for the opposing party when the trial is less than 30 days versus multiple months away.

The VAH also maintains that Mr. Samuel's Motion to Strike is not well-taken because it "fails to show how the declaration creates a material change [as opposed to a mere amplification] to his previously allowed FRCP Rule 26 expert report." (Doc. 124 ¶ 5). The plain language of Rule 26(e)(2) does not limit amended disclosures relating to an expert witness to only those modifications that are material, but rather more broadly encompasses "[a]ny additions or changes[.]"

In any event, the VAH, as the proponent of Dr. Young, has not supported this proposition with any on-point authority, much less demonstrated why Dr. Young's

August 22, 2011, declaration does not include material additions.[5] *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Additionally, simply considering an expert report in the context of a summary judgment ruling does not automatically render that witness's testimony, including last minute additions thereto, appropriate for trial purposes. Moreover, Dr. Young's report was actually stricken on summary judgment, not "allowed" as the VAH incorrectly suggests. (*Compare* Doc. 102 ¶ 2 ("The motion to strike the report is **GRANTED** insofar as such report is used by the United States to support the motion its summary judgment."), *and* Doc. 95 at 4 ("In any event, the most [Dr.] Young could state is something that would create a fact question for the [trier of fact]."), *with*

---

[5] For example, Mr. Samuel strenuously objects to Dr. Young's previously undisclosed opinion that "[c]atheter cutoff retention is a well-known surgical risk of these medical procedures and relatively common, and does not imply breach of any local or national standards of care." (Doc. 120 at Ex. 1 at 2 ¶ 3; *see also* Doc. 123 at 7-8 § I.A.iii). The court agrees with Mr. Samuel that this opinion is not included in the summary of Dr. Young's testimony as previously disclosed in his expert report. (Doc. 20 at 5-6 ¶¶ 1-10). Further, while the VAH briefly attempts to explain how such a newly sworn statement by Dr. Young constitutes a purportedly unobjectionable refinement (as opposed to a material modification) of his earlier expressed opinions (Doc. 126), such a limited effort on its part consisting of two paragraphs and without any citation to case authority is unconvincing.

(Doc. 124 at 2 ¶ 2 ("The Plaintiff's motion to strike Defendant's expert was not granted.")). Further, this evidentiary ruling did not change on clarification, even after the court acknowledged that Dr. Young's report was not deficient because it, in fact, "was stated under penalty of perjury." (Doc. 103 ¶ 1). Accordingly, for all these reasons, the court finds this underdeveloped argument about the purported limited scope of Dr. Young's pretrial declaration as a viable basis for excusing its lateness to be unpersuasive.

The court similarly rejects the remaining portions of the VAH's reply brief as ineffectively responsive to the timeliness issue. Therefore, having determined that the declaration of Dr. Young was untimely disclosed to Mr. Samuel as contemplated by the pretrial order in conjunction with the incorporation of Rule 26's default pretrial deadlines, Dr. Samuel's Motion to Strike and Supplemental Motion are **GRANTED**, and Mr. Young's declaration is **HEREBY STRICKEN** and/or **EXCLUDED**.

Further, because Dr. Young's declaration has been struck for the reasons stated above, there remains no basis for this court to reconsider its prior ruling excluding Dr. Young as an expert witness. Accordingly, that portion of the Motion to Reconsider is **DENIED**, and the court's order excluding Dr. Young from testifying at trial remains intact, *i.e.*, the VAH has failed to adequately rebut Mr. Samuel's Motion in Limine relating to Dr. Young.

Having decided this particular expert disclosure matter on timeliness grounds, the court will not reach any of the other issues raised by the parties. However, to the extent that the declaration of Dr. Young is considered to be timely provided, Mr. Samuel's Motion to Strike and Supplemental Motion are, in the alternative, still **GRANTED**, and, concomitantly, the expert testimony from Dr. Young is **EXCLUDED** on the basis of several substantive grounds. In particular, the court agrees with Mr. Samuel that missing from the record is a substantiated articulation of how Dr. Young's proposed testimony satisfies the requirement of the Alabama Medical Liability Act (the "AMLA") that Dr. Young be similarly situated to the doctors whose services are being challenged in this lawsuit (*i.e.*, Dr. Martin J. Smith and Dr. Francisco Robert (Doc. 123 at 6 § I.A.i)).[6]

Moreover, absent satisfaction of this state law requirement, the court, as the *Daubert* gatekeeper, lacks any foundation upon which to conclude that Dr. Young's testimony would be helpful to the trier of fact, regardless of the soundness of any methodology used to support his medical opinions. Therefore, the court rules in Mr. Samuel's favor and excludes Dr. Young as an expert witness for these additional

---

[6] Mr. Samuel has not retained his own expert and, as an exception to the general rule under the AMLA, does not require one in this instance. As the magistrate judge correctly observed "a medical expert is not necessary to prove that the failure to surgically remove a catheter ring constitutes a breach of medical care." (Doc. 95 at 3 (footnote omitted)).

independent reasons.

## IV.    Conclusion

Consistent with the above analysis, the VAH's Motion to Reconsider is **GRANTED IN PART** with respect to correcting the record only and is otherwise **DENIED**. Further, Mr. Samuel's Motion to Strike and Supplemental Motion are **GRANTED**, and Mr. Young's testimony is **HEREBY STRICKEN** and/or **EXCLUDED** as untimely disclosed to Mr. Samuel from the standpoint of the supplemental declaration and, additionally and alternatively, due to the VAH's failure to carry its expert witness-related burdens under the AMLA and *Daubert*.

**DONE** and **ORDERED** this the 9th day of September, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge